UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No.: 1:21-cv-01675-JLT-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION**<br><br>**14-DAY DEADLINE** |

Plaintiff Richard Lee Thomas is proceeding pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Peralta and Sandoval and failure to intervene claim against Defendant Melendez.

**I.    INTRODUCTION**

On May 23, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 28.)

On August 14, 2024, the Court granted Defendants' ex parte application to modify the scheduling order. (Doc. 31.) The deadline for filing a motion challenging the exhaustion of administrative remedies was extended to October 22, 2024. (*Id*. at 2.)

On October 22, 2024, Defendants filed a motion for summary judgment for failure to

exhaust his administrative remedies. (Doc. 32.) Defendants' motion included a *Rand*[1] warning (Doc. 32-3), addressing the requirements concerning an opposition to a motion for summary judgment. Although more than 21 days have passed, Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion.

## II.    DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides in relevant part:

> **Failure to Properly Support of Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule 230(*l*) states:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Accordingly, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion for summary judgment was due on or before November 12, 2024, plus time for mailing. Plaintiff

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion for summary judgment based upon a failure to exhaust administrative remedies filed October 22, 2024.

IT IS SO ORDERED.

Dated:   **November 19, 2024**              /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE

3