1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD LEE THOMAS,                        Case No.: 1:21-cv-01675-JLT-SKO

12              Plaintiff,                       **ORDER DISCHARGING ORDER TO
                                                 SHOW CAUSE**
13        v.
                                                 (Doc. 33)
14   KERN VALLEY STATE PRISON, et al.,

15              Defendants.                      **ORDER GRANTING PLAINTIFF 21-DAYS
                                                 WITHIN WHICH TO FILE AN
16                                               OPPOSITION TO DEFENDANTS'
                                                 MOTION FOR SUMMARY JUDGMENT**
17

18        Plaintiff Richard Lee Thomas is proceeding pro se and *in forma pauperis* in this civil

19   rights action. This action proceeds on Plaintiff's Eighth Amendment excessive force claims

20   against Defendants Peralta and Sandoval and failure to intervene claim against Defendant

21   Melendez.

22        **I.      PROCEDURAL BACKGROUND**

23        On May 23, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 28.)

24        On August 14, 2024, the Court granted Defendants' ex parte application to modify the

25   scheduling order, (Doc. 31), and extended the deadline for filing a motion challenging the

26   exhaustion of administrative remedies to October 22, 2024. (*Id*. at 2.)

27        On October 22, 2024, Defendants filed a motion for summary judgment, contending

28   Plaintiff failed to exhaust his administrative remedies. (Doc. 32.) Defendants' motion included a

1   *Rand*[1] warning (Doc. 32-3), specifically addressing the requirements concerning an opposition to

2   a motion for summary judgment.  When Plaintiff failed to file an opposition or statement of non-

3   opposition to Defendants' motion, the Court issued its "Order to Show Cause (OSC) in Writing

4   Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement

5   of Non-Opposition" on November 19, 2024. (Doc. 33.) Plaintiff was directed to respond to the

6   OSC within 14 days. (*Id*. at 3.)

7       On December 13, 2024, it came to the Court's attention that Plaintiff is no longer housed

8   at Kern Valley State Prison. The Court issued its "Order Directing Clerk of The Court to Modify

9   Plaintiff's Address of Record and to Re-Serve the Order to Show Cause Issued November 19,

10  2024; Order Directing Plaintiff to Respond Within 14 Days." (Doc. 34.)

11      On December 16, 2024, Plaintiff filed an untitled document with the Court, docketed by

12  the Clerk of the Court as a response to the OSC. (Doc. 35.)

13      **II.     DISCUSSION**

14      Plaintiff states he did not know he needed to respond to Defendants' motion, he is "not

15  very adept of [bureaucratic] diplomacy," he is not a legal professional and is doing his best but

16  does not know his "way around lawsuits or how to file motions." Plaintiff states all he wants "is

17  proper justice" and hopes to settle this case quickly.[2] (Doc. 35.)

18      Given Plaintiff's written response, the Court will discharge the OSC. Although Plaintiff

19  does not seek an extension of time within which to file an opposition to Defendants' motion for

20  summary judgment, he will be granted an additional 21 days within which to do so.

21      Plaintiff refers to the merits of his claims in his written response. The Court advises

22  Plaintiff those assertions are premature and should be addressed in any future motion for

23  summary judgment addressing the merits of his claims against Defendants. Defendants' pending

24  motion contends Plaintiff has failed to exhaust his administrative remedies — it does not involve

25  the merits of Plaintiff's claims and is a proper motion asserting an affirmative defense. Further,

26

27  [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

28  [2] Defendants elected not to participate in an early settlement conference. (*See* Doc. 26.)

1    Plaintiff is advised that Defendants' motion included a *Rand* warning, (Doc. 32-3), that provides

2    Plaintiff with information about what he "must do in order to oppose a motion for summary

3    judgment" (*id*. at 2).

4          The Court notes Plaintiff's original complaint states there is a grievance procedure

5    available at his institution, that he filed a grievance, and that the grievance process was

6    completed. (*See* Doc. 1 at 2.) In his first amended complaint, Plaintiff indicated there was an

7    administrative remedy process available at his institution, that he filed an appeal or grievance

8    concerning all facts contained in his complaint, and that the process was completed. (*See* Doc. 13

9    at 2.) Plaintiff also included the following response: "Grievance was denied & dismissed at first

10   level negligently." (*Id*.) Plaintiff should review the *Rand* warning and submit an opposition to

11   Defendants' pending summary judgment motion that includes any evidence (declarations,

12   depositions, discovery responses, or documents) demonstrating he exhausted his administrative

13   remedies prior to filing suit against the named Defendants.

14         It is Plaintiff's obligation to prosecute this action. *Collins v. Pitchess*, 641 F.2d 740, 742

15   (9th Cir. 1981). And as Plaintiff was advised in the Court's "First Informational Order In

16   Prisoner/Civil Detainee Civil Rights Case," issued November 19, 2021, he "must comply with

17   this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the

18   United States District Court of California ('Local Rules'), as modified by this Order." (*See* Doc. 7

19   at 1.) *See also Witkin v. Lotersztain*, No. 2:19-cv-0406 DJC KJN P, 2024 WL 267855, at *2 (E.D.

20   Cal. Jan. 24, 2024) ("Plaintiff is cautioned that as a pro se litigant, it is his responsibility to

21   diligently prosecute his case, and he is reminded that failure to do so may result in a

22   recommendation that the action be dismissed"). The fact Plaintiff is pro se and proceeding

23   without the assistance of counsel does not relieve him of the obligation to prosecute this action.

24         **III.    CONCLUSION AND ORDER**

25         For the foregoing reasons, the Court **ORDERS** as follows:

26         1.  The OSC issued November 19, 2024 (Doc. 33) is **DISCHARGED**; and

27         2.  Plaintiff **SHALL** file any opposition to Defendants' motion for summary judgment

28             concerning exhaustion **no later than January 7, 2025**.

1

**<u>WARNING</u>: Should Plaintiff fail to file an opposition to the motion for summary**

2

**judgment, this Court may recommend this action be dismissed for Plaintiff's failure to**

3

**prosecute and failure to comply with Court orders and Local Rules**.

4

IT IS SO ORDERED.

5

6

Dated:   **December 18, 2024**                    /s/ *Sheila K. Oberto*

7

                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28