UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-01675 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING EXHAUSTION, AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Docs. 32, 42) |

　　　　Richard Lee Thomas seeks to hold the defendants liable for violations of his civil rights while housed at Kern Valley State Prison. (Docs. 13, 18.) Defendants seek summary judgment, asserting that Plaintiff failed to exhaust all his administrative remedies. (Doc. 32-1 at 6.) Plaintiff admits that he failed to exhaust the administrative remedies, but he argues the failure should be excused. (*See* Doc. 38 at 1; *see also id.* at 1-8.)

　　　　The assigned magistrate judge observed it was undisputed that Plaintiff did not exhaust his administrative remedies prior to filing this action. (Doc. 42 at 16.) Although Plaintiff asserted that "he did not do because he did not understand the process, he cannot trust CDCR, and … exhaustion is irrelevant," the magistrate judge found these contentions were not supported by the record or the governing legal requirements. (Doc. 42 at 16; *see also id.* at 16-18.) The magistrate judge observed that Plaintiff's distrust of the CDCR was insufficient to excuse the failure to exhaust administrative remedies, and that "exhaustion is mandatory" under the Prison Litigation

Reform Act. (*Id.* at 17, citing 42 U.S.C. § 1997e(a).) In addition, the magistrate judge found the record demonstrated Plaintiff understood the grievance process and was also advised several times that he could appeal the outcome if dissatisfied with the institutional responses he received from KSVP. (*Id.* at 18.) Because it was undisputed that "Plaintiff failed to exhaust his administrative remedies regarding his Eighth Amendment claims" and Plaintiff did not present evidence that this failure "should be excused," the magistrate judge recommended the Court grant the motion for summary judgment and dismiss the action without prejudice. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified Plaintiff that any objections were due within 14 days. (Doc. 42 at 19.) The Court advised him that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 6, 2025 (Doc. 42) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 32) is **GRANTED**.
3. The action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.
4. The Clerk of Court is directed to enter judgment for Defendants, terminate all pending motions, and to close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2025**

UNITED STATES DISTRICT JUDGE